UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAPLE LEAF ADVENTURES CORPORATION,<br><br>Petitioner,<br><br>v.<br><br>JET TERN MARINE CO., LTD,<br><br>Respondent. | Case No. C18-1321 RSM<br><br>ORDER DENYING MOTION FOR CLERK'S SERVICE ON FOREIGN INDIVIDUAL |

This matter comes before the Court on Petitioner Maple Leaf Adventures Corporation's "Request for Clerk's Service on Foreign Individual." Dkt. #11. This filing was not noted as a Motion, but the Court interprets it as one, and will consider the requested relief now.

Petitioner began this action with a Petition for Confirmation and Judgment on Foreign Arbitration Award on September 7, 2018. Dkt. #1. Respondent Jet Tern Marine Company has not appeared. Petitioner states that Respondent is a Taiwanese company that may control or maintain assets in this District. *Id.* at 1–2. Investigation into those assets is ongoing. Apparently, an arbitration award was entered between the parties, but Respondent is appealing that award in the court system of Norway. *Id.* at 2. Because of the possibility of appeal in

ORDER DENYING PETITIONER'S MOTION FOR EXTENSION OF TIME TO SERVE - 1

Norway, and because of continued investigations into the assets of Respondent, Petitioner has not yet served Respondent. *Id.*

As the Court has stated previously, it seems that the parties had counsel for arbitration and have corresponded previously. Service should have been made as soon as this case was filed. The Court previously gave Petitioner a deadline of January 16, 2019, to serve Respondent. Dkt. #6.

Petitioner now seeks to serve Respondent by the manner prescribed in Rule 4(f)(2)(C)(ii), "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Dkt. #11 at 2. Petitioner provides the Clerk with three addresses for Respondent—two in mainland China and one in Taiwan. *Id.* at 3.

Petitioner does not address the remainder of Rule 4(f)'s requirements. For example, Petitioner does not establish whether China or Taiwan are signatories to "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f). It is the Court's understanding that China is a signatory to the Hague Convention and does not permit service by mail. Service by mail may be possible on a company located in Taiwan, however the Court has not been presented with any analysis by Petitioner as to this question, *e.g.* whether such is permissible under the foreign country's law. *See id.* Before the Court permits the Clerk to send out service by Mail to Respondent, Petitioner must answer these questions in a subsequent Motion. Alternatively, Petitioner is free to pursue service as otherwise permitted in Rule 4(f).

Having reviewed the relevant briefing and the record, the Court hereby finds and ORDERS that Petitioner's Motion for Clerk's Service on Foreign Individual (Dkt. #11) is

ORDER DENYING PETITIONER'S MOTION FOR EXTENSION OF TIME TO SERVE - 2

DENIED. The Court will grant Petitioner additional time to serve. Petitioner must initiate the process of serving Respondent no later than **fourteen (14) days** from the date of this Order.

DATED this 10th day of January 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITIONER'S MOTION FOR EXTENSION OF TIME TO SERVE - 3